*Northern District*

## No. 8372

## GEORGE BUCKLAND, JR.
### v.
## MERCURY OUTBOARD CENTER, INC.

Argued: Sept. 18, 1975. Decided: June 16, 1976.

Case tried to *Newth, J.,* in the District Court of Southern Essex. Number: 846 of 1974.

Present: Cowdrey, Presiding Justice; Forte, and Larkin, J.J.

**Cowdrey, P.J.** This is an action of contract brought by writ dated May 22, 1974, in which the plaintiff, alleging a breach of warranty, seeks recovery for damages sustained when a boat purchased by him from the defendant submerged as a result of a latent defect.

The sole issue raised by this appeal is whether or not the action was commenced within the statute of limitations proscribed in G.L.c. 106, §2-275.[1]

The contract of sale was executed on March 24, 1970; delivery was completed on or before April 15, 1970; the incident which is the subject of this litigation occurred on or about June 2, 1970 and the writ was dated May 22, 1974.

The court found for the plaintiff and denied the defendant's request for a ruling that, this action is barred by the applicable statute of limitations contained in G.L.c. 106, §2-275.

The report indicates that the only reference to warranties was made by the president of the defendant corporation, who was the only person to testify, and who denied making any warranty representations. There was no affirmative evidence of an express warranty.

The statute is clear and unambiguous. Unless a warranty explicity extends to future performance, a

---

[1] The applicable portions of the statute are as follows:

(1) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

(2) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance the cause of action accrues when the breach is or should have been discovered.

cause of action for breach of warranty must be commenced within four years after the cause of action has accrued. The statute further specifies, in unmistakable terms, that a breach of warranty occurs when tender of delivery is made and at that time a cause of action accrues regardless of the aggrieved party's lack of knowledge of the breach.

Absent an explicit extension to future performance the statute of limitations would require suit to be brought within four years after April 15, 1970, the date of delivery. Suit having been brought on May 22, 1974, the action would be barred.

The question then is whether in the instant case it can be said that there was an explicit extension to future performance whereby the statute of limitations would be extended.

We do not see any basis for the conclusion that an express warranty existed and therefore no explicit extension thereof. The report does not indicate any affirmative evidence of such. It appears only that the defendant, the only person to testify, denied that he made any warranty representations to the plaintiff.

Finding for the plaintiff is to be vacated and a finding for the defendant is to be entered.